CARROLL OLIVER, Appellant, v MICHAEL W. BASLE et al., Respondents.—Appeal (1) from an order of the Supreme Court at Special Term, entered May 5, 1976 in Albany County, which granted a motion by defendants for an order dismissing the complaint on the ground that the Statute of Limitations had expired, and (2) from the judgment entered thereon. Plaintiff was involved in an accident with an automobile owned by the defendant Marylou Carroll and being operated by Michael W. Basle. This controversy concerns plaintiff's efforts in attempting to obtain service on defendants. The accident occurred on November 10, 1972. On November 7, 1975 a summons was delivered to the Rensselaer County Sheriff for subsequent service pursuant to CPLR 203 (subd [b], par 5). The Sheriff was unable to locate either defendant. Thereafter on January 8, 1976 plaintiff obtained an order of attachment upon the contractual obligation of Allstate Insurance

Company owing to defendant Carroll. Subsequently plaintiff obtained an order pursuant to CPLR 308 (subd 5) permitting service on defendant Carroll by serving Allstate. Service was made on January 28, 1976. Special Term granted defendants' motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 5). In our view, Special Term properly dismissed the complaint. While delivering the summons to the Sheriff extended plaintiff's time to serve defendants 60 days, the statute clearly makes the extension conditional on effecting service of the summons on defendants within the 60-day period. Such was not accomplished here. Plaintiff would have us conclude that he is entitled to the combined effect of CPLR 203 (subd [b], pars 4, 5). Such a conclusion is contrary to the clear language of the statute. We also reject plaintiff's contention that service was timely because CPLR 207 tolled the Statute of Limitations for the period defendants were absent from the State (*Doyon v Bascom*, 38 AD2d 645). An examination of the record fails to demonstrate any proof that either defendant was out of the State. Order and judgment affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.