■ RUBIE VAN HOESEN, Appellant, v PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY et al., Respondents, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Miner, J.), entered November 28, 1980 in Albany County, which dismissed the complaint as to defendants Pennsylvania Millers Mutual Insurance Company and Harold Holt Associates, Inc. In an action pleading nine separate causes of action against several parties, defendants Pennsylvania Millers Mutual Insurance Company (Millers) and Harold Holt Associates, Inc. (Holt) successfully moved for dismissal of the complaint as against them on the grounds that the two-year limitation of time within which to commence an action as set forth in the insurance contract had expired. On this appeal, plaintiff argues two bases for reversal. First, she contends that the existence of good faith negotiations estops the interposing of the defense of the two-year contractual time limitation. Second, she contends that the contractual Statute of Limitations is unconstitutional. She submits that these present triable issues of fact preclude summary judgment. The order should be affirmed. Special Term correctly determined that the two-year policy limitation, imposed pursuant to subdivision 5 of section 168 of the Insurance Law, is constitutional and controlling herein (see CPLR 201; see, also, *Proc v Home Ins. Co.,* 17 NY2d 239). Nor do we find any support for plaintiff's further contention that summary judgment was improvidently granted because the misleading conduct of defendants required that the doctrine of estoppel be imposed. The supporting affidavit of plaintiff's attorney is conclusory and virtually devoid of evidentiary facts (*Kaufman v Republic Ins. Co.,* 35 NY2d 867). The mere fact that settlement negotiations were conducted does not warrant an estoppel (see *Proc v Home Ins. Co.,* 17 NY2d 239, 245-246, *supra;* Siegel, New York Practice, § 56, p 57). Since there is no indication that defendants intended to settle the matter or that they had improperly lulled plaintiff into inactivity, neither defendant was estopped from raising the two-year limitation provision (see *Alray Int. Equip. v Aetna Cas. & Sur. Co.,* 65 AD2d 651; *Graziane v Firemen's Ins. Co. of Newark,* 63 AD2d 1087, mot for lv to app den 45 NY2d 711; *K & T Dev. Co. v Quincey Mut. Fire Ins. Co.,* 54 AD2d 753). The action was properly dismissed as against defendant Holt upon the further ground that he acted as disclosed agent of the insurer (see *Savoy Record Co. v Cardinal Export Corp.,* 15 NY2d 1; *Unger v Travel Arrangements,* 25 AD2d 40, 47). Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.