■ BARBARA J. BROWN, Appellant, v WILLIAM J. DAVIS, Respondent, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered July 29, 1981 in Montgomery County, which granted a motion by defendant Davis for an order dismissing the complaint on the ground that the Statute of Limitations had expired. The accident on which plaintiff's negligence action is based occurred on April 7, 1977 when plaintiff was a passenger in defendant Leavitt's car, which was struck in the rear by the vehicle of defendant Davis. Although plaintiff's attorney had been retained to prosecute plaintiff's case prior to May 11, 1977, it was not until April 2, 1980 that service of process was attempted on Davis by delivery of the summons and complaint to the Sheriff of Montgomery County. Pursuant to CPLR 203 (subd [b], par 5, cl [i]), such delivery extended the Statute of Limitations 60 days beyond the expiration of the three-year statute which governs negligence actions, or until June 6, 1980. However, it was not until September 16, 1980 that plaintiff's counsel made any inquiry of the Sheriff's office and was then informed that no effort had been made by the Sheriff to effect service on defendant. On September 26, 1980, plaintiff's attorney was informed that defendant had moved to Otsego County. Process was then forwarded to the Sheriff of that county and service was effected on October 17, 1980. Following service of his answer, which contained an affirmative defense of the Statute of Limitations, defendant Davis moved to dismiss the action under CPLR 3211 (subd [a], par 5). In opposition, plaintiff's counsel alleged that the representative of defendant's insurer told him on May 11, 1977 that the case was one of total liability and not to sue upon it and that the parties conferred on the matter at numerous subsequent occasions. Plaintiff's counsel further alleges that on April 2, 1980 a physical examination of plaintiff was requested by the insurer. By a note dated April 15, 1980 from the carrier's representative, the name of the doctor who would examine plaintiff was submitted to plaintiff's counsel. The physical examination was arranged for June 16, 1980, the earliest date that could be arranged with the doctor, which placed the examination 10 days beyond the extended period of the Statute of Limitations. Plaintiff concludes that this activity on the part of the insurer's representative estopped defendant from raising the defense of untimeliness and that Special Term erred in dismissing plaintiff's action on that ground. We agree with Special Term. Nothing that was said or done by the carrier's representative could be construed as a request to delay suit beyond the time limitation of the statute. Furthermore, the delivery of process by plaintiff's attorney to the Sheriff for service, a few days prior to the expiration of the original limitation, belies any reliance that such counsel contends he placed on the representations. After the Sheriff received the process on April 2, 1980, no inquiry was made as to its service until September 16, 1980; nor apparently was the Sheriff directed to delay service pending the negotiations of the parties. Quite simply, the situation herein distills to a timely delivery to the Sheriff of a summons and complaint, some five days before the expiration of the original Statute of Limitations, and a failure by the Sheriff to serve them within the extended period afforded by such delivery, with no inquiry by plaintiff's counsel of the

Sheriff about their service within that extended period. In these circumstances, the order of dismissal must be affirmed (*Oliver v Basle*, 55 AD2d 975). Order affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.