■ MICHAEL PROCCO et al., Respondents, v JOSEPH KENNEDY et al., Appellants. — Order unanimously reversed, on the law, with costs, and motion denied. Memorandum: On plaintiffs' motion for a deficiency judgment pursuant to RPAPL 1371 (subd 2), defendants opposed on the grounds that plaintiffs had not brought the motion within the 90-day period prescribed by the statute. Plaintiffs contended that defendants were estopped from asserting the statute as a bar because they had engaged plaintiffs in settlement negotiations long past the statutory period. The court ordered a hearing to determine, *inter alia,* whether defendants should be estopped from asserting the Statute of Limitations as a defense. Defendants appeal from that order contending that there is no basis for application of the doctrine of equitable estoppel. We agree. Plaintiffs obtained a judgment of foreclosure and sale against defendants in July, 1979. A foreclosure sale was held on August 30, 1979 and the property was sold to plaintiffs on their bid of one dollar. The referee's deed was recorded on November 1, 1979 and the referee's report, filed on December 6, 1979, recorded a deficiency of $66,068.18. That amount, however, is sharply disputed. Negotiations towards settlement of the deficiency proceeded between plaintiffs' attorney and the attorney for the defendant Kennedy from September, 1979, shortly after the sale, until December 15, 1980, at which point negotiations ended. By order to show cause dated January 30, 1981 plaintiffs moved for an order extending the time in which to move for a deficiency judgment. That motion was denied and plaintiffs then brought the instant motion for a deficiency judgment on March 23, 1981. RPAPL 1371 (subds 2, 3) provide that a motion for a deficiency judgment must be made within 90 days of delivery of the deed to the purchaser or the proceeds of the sale will be deemed to be in full satisfaction of the mortgage debt. Inasmuch as the referee's deed was recorded on November 1, 1979 and the motion for a deficiency judgment was not noticed until March 23, 1981, it is clear that plaintiffs were well beyond the time limits prescribed by statute. That 90-day period has been held to be a Statute of Limitations (*Mortgagee Affiliates Corp. v Jerder Realty Servs.,* 62 AD2d 591, affd 47 NY2d 796; *Heritage Sav. Bank v Grabowski,* 70 AD2d 989). Thus, unless defendants are estopped from asserting the Statute of Limitations, plaintiffs' claim is clearly barred. A defendant may be estopped from asserting a Statute of Limitations defense where the defendant's deceptive conduct caused the plaintiff to delay suit on a cause of action until after the statute had run (*Simcuski v Saeli,* 44 NY2d 442, 448-450; *Arbutina v Bahuleyan,* 75 AD2d 84, 86). However, the mere fact that settlement negotiations have been ongoing between the parties is insufficient to justify estoppel (*Van Hoesen v Pennsylvania Millers Mut. Ins. Co.,* 86 AD2d 733; Siegel, New York Practice, § 56, p 57; 1 Weinstein-Korn-Miller, NY Prac, par 201.13); it may be justified only where defendant improperly lulls the plaintiff into failing to bring his claim (see *Van Hoesen v Pennsylvania Millers Mut. Ins. Co., supra; Dupuis v Van Natten,* 61 AD2d 293). The doctrine of

equitable estoppel will not be applied if the plaintiff fails to present evidentiary facts which would establish fraud, deception or misrepresentation (*Simcuski v Saeli, supra,* p 451; *Rosenthal v Reliance Ins. Co.,* 25 AD2d 860, affd 19 NY2d 712; *Brands v Sperduti,* 43 AD2d 903; *Matter of Johnson v Board of Educ.,* 33 AD2d 647). The facts presented by plaintiffs do not rise to the necessary level. The only proof submitted is an affidavit of plaintiffs' attorney who alleges that he entered into settlement proposals with the attorney for defendant Kennedy. He does not allege that he ever spoke with the attorney for the other defendants, Di Muro and Wilber, but merely states that he was told by the attorney for Kennedy that the attorney for Di Muro told him that Di Muro would be willing to take the property back subject to taxes if defendants Wilber and Kennedy would settle the deficiency obligation. More importantly, however, discussions outlined in the affidavit indicate that there was never any definite settlement agreement entered into by the parties; that there were continued difficulties in trying to resolve the matter; that there was no fraud or misrepresentation by the defendants nor is any alleged; and that there was never a request or promise by defendants on which plaintiffs relied in neglecting to bring their deficiency judgment motion. There is nothing in the record from which it could be inferred that defendants either singly or collectively did anything to lull plaintiffs into foregoing their remedies. "[T]his is a case not of the defendants' lulling the plaintiff into a sense of false security but of the latter's sleeping on his rights" (*Proc v Home Ins. Co.,* 17 NY2d 239, 246). (Appeal from order of Livingston County Court, Houston, J. — deficiency judgment.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.