OPINION OF THE COURT
Lawrence E. Kahn, J.
Defendant moves for summary judgment pursuant to CPLR 3212 dismissing the complaint, upon its affirmative defense that the action is barred by the applicable Statute of Limitations. The action seeks to recover for personal injuries alleged to have been sustained, due to the negligent operation of defendant’s bus on August 18, 1980.
On October 17, 1980, plaintiff served a notice of claim upon the defendant Capital District Transportation Authority (CDTA). On December 1, 1980, plaintiff was noticed for a hearing concerning his notice of claim. Said demand for a hearing contained a statement that the defendant was entitled to the hearing pursuant to the provisions of section 50-h of the General Municipal Law. After several adjournments, the hearing was finally conducted. On October 15, 1981, a summons and complaint were served upon defendant.
Subdivision 2 of section 1317 of the Public Authorities Law requires that an action founded on tort may not be *490 commenced against the CDTA more than one year after the cause of action shall have accrued. Due to the requirement that such a complaint must contain an allegation that 30 days have elapsed since service of a notice of claim, the Statute of Limitations has been held to be one year and 30 days (Amex Asphalt Corp. v City of New York, 288 NY 721). Defendant argues that the summons and complaint were served after the expiration of the one-year and 30-day period, thus barring the action.
Plaintiff asserts that the hearing conducted by defendant, purportedly pursuant to section 50-h of the General Municipal Law, tolled the running of the statute. This argument is without merit. Said statute is not applicable. It is only available in claims against cities, counties, towns, villages, fire districts or school districts.
Defendant is entitled to conduct a hearing with respect to plaintiff’s claim, but as aforesaid, the authority to do so is not founded upon section 50-h of the General Municipal Law. The CDTA is a creature of the Legislature and as such, its rights and responsibilities are set forth in title 11-C of the Public Authorities Law. Specifically, section 1317 of the Public Authorities Law sets forth the procedure for actions commenced against it. Subdivision 4 of section 1317 of the Public Authorities Law authorizes it to conduct a hearing which would be analogous in some aspects to that afforded through the provisions of section 50-h of the General Municipal Law. However, significantly, the provision contains no toll of the Statute of Limitations, and no prohibition againát commencement of an action prior to the conducting of such a hearing. While defense counsel’s reference to section 50-h of the General Municipal Law in the notice to attend the hearing was erroneous, such inadvertence may not expand the scope of the period of limitations statutorily mandated by the Legislature.
Defendant’s motion for an order pursuant to CPLR 3212 granting it summary judgment, based upon its affirmative defense that plaintiff’s action is barred by the applicable Statute of Limitations, shall be granted.