■ JANE MARVEL et al., Respondents, v CAPITAL DISTRICT TRANSPORTATION AUTHORITY et al., Appellants.—Kane, J. P. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered October 16, 1984 in Albany County, which denied defendants' motion to dismiss the complaint as barred by the Statute of Limitations.

This action seeks damages for personal injuries allegedly sustained by plaintiff Jane Marvel, on March 16, 1983, while a passenger in a bus allegedly owned and operated by defendant Capital District Transportation Authority. Plaintiffs timely filed a notice of claim and plaintiffs' attorney promptly commenced settlement negotiations. These negotiations were pursued by plaintiffs' attorney from time to time; however, by letter dated May 11, 1984, defendants revoked any outstanding settlement offers on the ground that the Statute of Limitations had expired (*see,* Public Authorities Law § 1317 [2]). Thereafter, on June 8, 1984, a summons and complaint were served.

In due course, defendants moved to dismiss plaintiffs' complaint as barred by the Statute of ,Limitations. Plaintiffs opposed this motion on the ground that, due to the ongoing settlement negotiations, defendants were equitably estopped from asserting the Statute of Limitations defense. Special Term denied the motion and this appeal ensued.

We are compelled to reverse. The mere fact that settlement negotiations have been ongoing between the parties is insufficient to justify an estoppel (*Procco v Kennedy,* 88 AD2d 761, *affd* 58 NY2d 804; Siegel, NY Prac § 56, at 57). A review of the record reveals that there was never any settlement agreement; that there were continued difficulties in trying to settle the matter; that there was no fraud or misrepresentation by defendants; and that there was no agreement or promise by

defendants upon which plaintiffs relied in failing to commence their lawsuit within the required period. Moreover, plaintiffs' bald assertion that they were "intentionally lulled" by defendants into a "false sense of security" that the complaint need not be served within the statutorily required period is belied by plaintiffs' attorney, who candidly admits that he "was under the apparently false impression that the applicable statute of limitations is one year and 90 days * * * and not one year and 30 days" (see, Public Authorities Law § 1317 [2]; *Simon v Capital Dist. Transp. Auth.,* 114 Misc 2d 489, *affd* 95 AD2d 902). The order must, therefore, be reversed and defendants' motion granted.

Order reversed, on the law, without costs, motion granted and complaint dismissed. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.