■ ANGELA MURPHY, Respondent, v WEGMAN'S FOOD MARKETS, INC., Appellant

Memorandum: Plaintiff allegedly suffered injuries when she fell in defendant's store on June 16, 1983. The summons and complaint in the action were not served until September 2, 1986. Defendant's motion to dismiss the complaint on the ground that the action was not timely commenced was denied by Special Term after a hearing on the issue. This denial was error.

Plaintiff concedes that the action was not commenced within three years of the date when the cause of action arose, but argues that defendant should be equitably estopped from interposing the affirmative defense of the Statute of Limitations. Plaintiff bases this claim upon representations allegedly made to plaintiff's attorney by defendant's insurance carrier that the action would be settled upon evaluation of plaintiff's final medical reports. At the hearing, plaintiff's attorney testified that it was his understanding that no action need be commenced so long as settlement negotiations were continuing. The record before us fails to support the conclusion that settlement negotiations were, in fact, ongoing or that plaintiff

was entitled to rely upon any representations made in the course of negotiations as a waiver by defendant of the Statute of Limitations.

Settlement negotiations began between plaintiff's attorney and agents of defendant's insurer sometime in late 1983 and continued sporadically until December 17, 1985, six months before the Statute of Limitations would expire. The record reveals no further communications until plaintiff's attorney wrote to the claims adjustor on August 14, 1986 making a firm settlement demand for the first time, two months after the statute had run. No definite settlement agreement was ever entered into between the parties, nor do we find evidence that defendant was guilty of fraud or misrepresentation which would lull plaintiff into a false sense of security and lead plaintiff's attorney to conclude that the Statute of Limitations had been waived.

"It is the rule that a defendant may be estopped to plead the Statute of Limitations where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action" *(Simcuski v Saeli,* 44 NY2d 442, 448-449; *Arbutina v Bahuleyan,* 75 AD2d 84, 86). The mere fact that settlement negotiations have been ongoing between the parties is not sufficient to justify an estoppel *(Procco v Kennedy,* 88 AD2d 761, *affd* 58 NY2d 804; *Van Hoesen v Pennsylvania Millers Mut. Ins. Co.,* 86 AD2d 733). To be entitled to an estoppel, the plaintiff must show that by engaging in protracted settlement discussions, defendant intended to lull the plaintiff into inactivity and to induce plaintiff to continue negotiations until after the Statute of Limitations had run *(Triple Cities Constr. Co. v Maryland Cas. Co.,* 4 NY2d 443, 448; *Procco v Kennedy, supra).* Applying these principles, we conclude that plaintiff has failed to offer proof sufficient to invoke the doctrine of equitable estoppel against defendant in this case. (Appeal from order of Supreme Court, Onondaga County, Hayes, J.—dismiss action.) Present—Dillon, P. J., Doerr, Green, Balio and Lawton, JJ.