■ CRANESVILLE BLOCK COMPANY, INC., Appellant, v NIAGARA MOHAWK POWER CORPORATION, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Best, J.), entered July 9, 1990 in Montgomery County, which granted defendant's motion for summary judgment dismissing the complaint.

In 1965, defendant conveyed real property in the Town of Florida, Montgomery County, to plaintiff, together with an easement permitting use of two existing railroad spur lines over remaining property of defendant. During the period September 14, 1983 to November 2, 1983, defendant replaced

an existing six-inch gas transmission line, which traversed defendant's property and passed under both of the spur lines, with an eight-inch gas line. In so doing, on September 28, 1983, defendant severed the tracks of one of the spur lines. Plaintiff first became aware of the damage in April 1986 and advised defendant of its claim for the cost of repair and, in addition, of the need to place the new gas line at a sufficient depth to permit safe passage of railroad cars over the spur line. Negotiations ensued through the latter part of 1986 and defendant made a settlement offer on December 18, 1986. However, plaintiff did not accept the offer until April 30, 1987, at which time defendant advised plaintiff that the offer had been withdrawn.

Plaintiff then commenced this action, pleading causes of action in trespass, nuisance and fraud, and seeking compensatory and punitive damages. As amplified by plaintiff's bill of particulars, the complaint alleges that defendant, *inter alia,* negligently and carelessly removed a section of railroad tracks and ties and installed a gas line in a manner unacceptable to railroad engineering specifications. The fraud cause of action is based upon the theory that, through settlement negotiations, defendant lulled plaintiff into delaying legal action until the Statute of Limitations had run. Following discovery, defendant moved for summary judgment dismissing the action as barred by the applicable three-year Statute of Limitations (CPLR 214 [4]). Supreme Court granted the motion and dismissed the complaint. Plaintiff appeals.

Initially, we reject the claim that defendant is estopped from asserting the Statute of Limitations as a defense because of the settlement negotiations which took place during the fall of 1986. While a defendant may be estopped from asserting the defense of the Statute of Limitations when it has by its conduct "induced a party to postpone bringing suit on a known cause of action" (75 NY Jur 2d, Limitations and Laches, § 29, at 199), settlement negotiations alone will not suffice to invoke the doctrine *(see, Procco v Kennedy,* 88 AD2d 761, *affd* 58 NY2d 804). Here, there is no evidence of defendant's fraud, deception, misrepresentation or a request or promise upon which plaintiff relied *(see, Murphy v Wegman's Food Mkts.,* 140 AD2d 973, 974, *lv denied* 72 NY2d 808; 75 NY Jur 2d, Limitations and Laches, § 35, at 211). Accordingly, Supreme Court properly rejected the claim of estoppel and dismissed plaintiff's fraud cause of action and demand for punitive damages. We note in this regard that the Statute of

Limitations had already run at the time of defendant's December 18, 1986 settlement offer.

We also reject the contention that the Statute of Limitations did not begin to run with respect to plaintiff's claim for injury to the railroad tracks until discovery of the damage approximately 2½ years later. Contrary to plaintiff's assertion, the act of cutting the railroad tracks cannot be characterized as a continuing trespass. In an action based upon negligence or a permanent trespass, the cause of action accrues, at the very latest, when the damage is apparent and not at the time of its subsequent discovery (see, 509 Sixth Ave. Corp. v New York City Tr. Auth., 15 NY2d 48, 51; Schwartz v Heyden Newport Chem. Corp., 12 NY2d 212, 216-217, mod 12 NY2d 1073, cert denied 374 US 808; 75 NY Jur 2d, Limitations and Laches, §§ 195-196, at 381-384). Here, the record establishes that the damage to the tracks was apparent at the time it was caused. We take a different view, however, with respect to the claim for damages resulting from defendant's interference with plaintiff's easement over the railroad spur caused by placement of defendant's gas line. Deposition testimony of defendant's own employees raises a factual issue as to whether the gas line was placed in conformity with applicable regulations so as to permit safe passage of trains over the tracks. Whether pleaded in trespass or nuisance, this continuous interference with plaintiff's right to use of the easement gives rise to successive causes of action, and the Statute of Limitations would only bar recovery of damages more than three years prior to commencement of the action (see, 509 Sixth Ave. Corp. v New York City Tr. Auth., supra, at 52; Rahabi v Morrison, 81 AD2d 434, 438-439). Supreme Court's order should be modified accordingly.

Casey, J. P., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted the motion regarding causes of action for damages resulting from defendant's placement of a gas transmission line; motion denied to that extent; and, as so modified, affirmed.