■ Dawn DeGori, Respondent, v Long Island Rail Road, Appellant. [610 NYS2d 815] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated March 12, 1992, as denied its motion to dismiss the complaint as barred by the Statute of Limitations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the complaint is dismissed.

There is no evidence to support the plaintiff's contention that conduct by the defendant induced him to forego instituting the present action, so as to equitably estop the defendant from asserting the Statute of Limitations. Only a showing of fraud, misrepresentation, deception, or similar affirmative misconduct, along with reasonable reliance upon it, will jus-

tify the imposition of such an estoppel (see, Gallo v County of Westchester, 162 AD2d 584; Park Assocs. v Crescent Park Assocs., 159 AD2d 460). In the present case, the evidence clearly demonstrates that the failure to timely commence the action was due solely to law office failure (see, Gluckin v Insurance Co., 169 AD2d 494). Mangano, P. J., Balletta, O'Brien and Florio, JJ., concur.