■ AUDREY CORDTS, Appellant, v CAPITAL DISTRICT TRANSPORTATION AUTHORITY, Respondent. [612 NYS2d 468] —Weiss, J. Appeal from an order of the Supreme Court (Hughes, J.), entered May 19, 1993 in Albany County, which granted defendant's motion to dismiss the amended complaint as time barred.

On December 3, 1991, plaintiff fell on the stairs of defendant's bus sustaining injuries she claims were caused by defendant's negligence. Her application for permission to serve a late notice of claim was granted by order dated December 14, 1992 and a notice of claim was served on December 22, 1992. On March 29, 1993 plaintiff made personal service of a summons and complaint on defendant, filed copies on April 19, 1993 with the County Clerk and thereafter re-served defendant (see, CPLR 304). This lawsuit, commenced more than one year and 30 days after the cause of action accrued, was clearly untimely (see, Public Authorities Law § 1317; Marvel v Capital Dist. Transp. Auth., 114 AD2d 612, affd 67 NY2d 729; see also, Burgess v Long Is. R. R. Auth., 79 NY2d 777). We are unpersuaded that a letter from defendant mailed to plaintiff after the expiration of the Statute of Limitations should be the basis of an estoppel which tolled the Statute of Limitations. Nor did the limited contact between plaintiff and defendant rise to a level sufficient to justify her failure to timely commence the action (see, Marvel v Capital Dist. Transp. Auth., supra).

Cardona, P. J., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.