■ PATRICIA B. TERRY, Respondent, v LONG ISLAND RAILROAD et al., Appellants. [616 NYS2d 910] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Oshrin, J.), entered August 30, 1993, which, after a hearing, denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), on the ground that the action was barred by the applicable Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, and the complaint is dismissed.

It is well established that an agreement to extend the Statute of Limitations must be in writing or made in open court in order to bind the parties thereto *(see,* CPLR 2104; *Matter of Pherbo Realty Corp. v Board of Assessors,* 104 AD2d 1037, 1038; *Shanahan v Shanahan,* 92 AD2d 566, 568). There is no such writing or formal declaration in this case evidencing the defendants' intent to extend or waive the Statute of Limitations.

Moreover, a defendant may be estopped from pleading the

Statute of Limitations only where the plaintiff was induced by fraud, misrepresentations, or deception to refrain from filing a timely action *(see, Simcuski v Saeli,* 44 NY2d 442; *Arbutina v Bahuleyan,* 75 AD2d 84, 86). The instant record establishes that defendants' claims adjuster maintained conventional communication with the plaintiff's counsel, and requested proof of liability and damages. In addition, he indicated that he would be willing to discuss settlement after the plaintiff's surgery—which was allegedly scheduled for December 1990, by which time the Statute of Limitations would have run. Such inquiries and allusions to possible future settlement negotiations do not give rise to an estoppel, where, as here, there is no evidence that the defendants intended thereby to lull the plaintiff into inactivity until after the expiration of the Statute of Limitations *(see, DeGori v Long Is. R. R.,* 202 AD2d 549; *see also, e.g., Montelione v Greenburg Edgemont Union Free School Dist.,* 175 AD2d 113; *Murphy v Wegman's Food Mkts.,* 140 AD2d 973; *Procco v Kennedy,* 88 AD2d 761, *affd* 58 NY2d 804; *Brown v Davis,* 88 AD2d 702; *Van Hoesen v Pennsylvania Millers Mut. Ins. Co.,* 86 AD2d 733). Mangano, P. J., Bracken, Santucci and Friedmann, JJ., concur.