■ CYNTHIA PICKENS, Respondent, v CAPITAL DISTRICT TRANSPORTATION AUTHORITY et al., Appellants, et al., Defendants. [619 NYS2d 179] —Cardona, P. J. Appeal from an order of the Supreme Court (Spain, J.), entered August 23, 1993, in Albany County, which denied a motion by defendants Capital District Transportation Authority and Michael Rendine to dismiss the complaint against them as time barred.

On December 19, 1991, plaintiff allegedly sustained personal injuries when the bus she was riding on collided with a snowplow. Plaintiff timely filed a notice of claim followed by service of a summons and complaint on March 19, 1993. Named as defendants in the action are Capital District Transportation Authority (hereinafter CDTA), owner of the bus; Michael Rendine, the CDTA bus driver; the County of Albany, owner of the snowplow; and Gregory Govel, the operator of the snowplow. CDTA and Rendine (hereinafter collectively referred to as defendants) moved to dismiss the action as

---

being time barred under Public Authorities Law § 1317. Supreme Court denied the motion and this appeal by defendants ensued.

We must reverse. The applicable limitations period for actions against CDTA is one year and 30 days (see, Public Authorities Law § 1317 [1], [2]; *Marvel v Capital Dist. Transp. Auth.*, 114 AD2d 612, *affd* 67 NY2d 729; *Simon v Capital Dist. Transp. Auth.*, 114 Misc 2d 489, *affd* 95 AD2d 902). The action accrued on December 19, 1991. Service of the summons and complaint on March 19, 1993 was, therefore, untimely.

Next, plaintiff contends that defendants should be equitably estopped from asserting the Statute of Limitations defense. The record contains no evidence of "fraud or misrepresentation by defendants [nor any] agreement or promise by defendants upon which plaintiff[ ] relied in failing to commence [her] lawsuit within the required period" (*Marvel v Capital Dist. Transp. Auth., supra,* at 612-613). The mere fact that CDTA consented to hold its hearing under Public Authorities Law § 1317 (4) simultaneously with the the County's General Municipal Law § 50-h hearing on a date beyond the applicable period of limitations is insufficient to justify an estoppel. Unlike General Municipal Law § 50-h, there is no provision in Public Authorities Law § 1317 which precludes a claimant from commencing an action before the oral examination under Public Authorities Law § 1317 (4) is held.

White, Casey and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed against defendants Capital District Transportation Authority and Michael Rendine.