■ RITA KIERNAN, Appellant, v LONG ISLAND RAIL ROAD, Respondent. [619 NYS2d 723] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated April 16, 1993, which granted the defendant's motion to dismiss the complaint as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

In considering a motion to dismiss a complaint when the Statute of Limitations has run, a court may estop a defendant from asserting that defense when the defendant has by its

conduct induced a party to postpone bringing suit on a known cause of action *(Cranesville Block Co. v Niagara Mohawk Power Corp.,* 175 AD2d 444). To establish entitlement to estoppel, the plaintiff must set forth evidence showing that she was induced by fraud, misrepresentation, or deception to refrain from commencing a timely action *(Simcuski v Saeli,* 44 NY2d 442; *Rains v Metropolitan Transp. Auth.,* 120 AD2d 509), or the plaintiff must prove that the defendant engaged in conduct which was "calculated to mislead * * * plaintiff", and that the plaintiff, in reliance thereon, failed to timely commence the action *(Robinson v City of New York,* 24 AD2d 260, 263).

It is well-settled law in New York that the mere fact that settlement negotiations have been ongoing between parties is insufficient to estop a party from asserting the Statute of Limitations as a defense *(Cranesville Block Co. v Niagara Mohawk Power Corp., supra; Marvel v Capital Dist. Transp. Auth.,* 114 AD2d 612; *Procco v Kennedy,* 88 AD2d 761). Settlement negotiations do not give rise to an estoppel, where, as here, there is no evidence that the defendants intended thereby to lull the plaintiff into inactivity until after the expiration of the Statute of Limitations *(see, Terry v Long Is. R. R.,* 207 AD2d 881; *DeGori v Long Is. R. R.,* 202 AD2d 549; *see also, Montelione v Greenburg Edgemont Union Free School Dist.,* 175 AD2d 113; *Murphy v Wegman's Food Mkts.,* 140 AD2d 973; *Procco v Kennedy,* 88 AD2d 761, *supra, affd* 58 NY2d 804; *Brown v Davis,* 88 AD2d 702; *Van Hoesen v Pennsylvania Millers Mut. Ins. Co.,* 86 AD2d 733).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, Copertino and Hart, JJ., concur.