■ Beverly Bennett et al., Respondents, v Metro-North Commuter Railroad et al., Appellants. [647 NYS2d 554] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Fredman, J.), entered August 18, 1995, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), on the ground that the action was barred by the applicable Statute of Limitations.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The mere fact that settlement negotiations have been ongoing between parties is insufficient to estop a party from asserting the Statute of Limitations as a defense (*see, Cranesville Block Co. v Niagara Mohawk Power Corp.,* 175 AD2d 444; *Marvel v Capital Dist. Transp. Auth.,* 114 AD2d 612, *affd* 67 NY2d 729; *Procco v Kennedy,* 88 AD2d 761, *affd* 58 NY2d 804). The plaintiffs have proffered evidence to show that after they rejected the firm offer of the defendants' claims adjuster to settle their claim, the claims adjuster indicated that it would reconsider its offer upon further proof of damages and it requested that the injured plaintiff submit to a physical examination. By the time the injured plaintiff underwent the physical examination and the test results were sent to the claims adjuster, the Statute of Limitations had run. We find that the defendants' inquiries and allusions to possible future settlement negotiations did not give rise to an estoppel, where, as here, there was no evidence that the defendants intended to lull the plaintiffs into inactivity until after the expiration of the Statute of Limitations (*see, Kiernan v Long Is. R. R.,* 209

AD2d 588; *Terry v Long Is. R. R.,* 207 AD2d 881; *Murphy v Wegman's Food Mkts.,* 140 AD2d 973; *Brown v Davis,* 88 AD2d 702; *Procco v Kennedy, supra*). Thompson, J. P., Santucci, Altman and Hart, JJ., concur.