■ JANICE SERRONE, Appellant, v JAMAICA HOSPITAL, Respondent. [658 NYS2d 955] —In an action to recover damages for medical malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Golar, J.), dated December 13, 1995, which granted the defendant's motion to dismiss the fourth, fifth, and sixth causes of action in the amended complaint, and (2), as limited by her brief, from so much of an order of the same court, dated February 13, 1996, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated December 13, 1995, is dismissed, as that order was superseded by the order dated February 13, 1996, made upon reargument; and it is further,

Ordered that the order dated February 13, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

"In considering a motion to dismiss a complaint when the Statute of Limitations has run, a court may estop a defendant from asserting that defense when the defendant has by its conduct induced a party to postpone bringing suit on a known cause of action" (*Kiernan v Long Is. R. R.*, 209 AD2d 588, 588-589). "To establish entitlement to estoppel, the plaintiff must set forth evidence showing that [he or] she was induced by fraud, misrepresentation, or deception to refrain from commencing a timely action * * * or the plaintiff must prove that the defendant engaged in conduct which was 'calculated to mislead * * * plaintiff' and that the plaintiff, in reliance thereon, failed to timely commence the action" (*Kiernan v*

*Long Is. R. R., supra,* at 589, quoting *Robinson v City of New York,* 24 AD2d 260, 265; *see also, DeGori v Long Is. R. R.,* 202 AD2d 549). Because the plaintiff did not meet her burden, the Supreme Court properly dismissed the fourth cause of action in the amended complaint.

The plaintiff's remaining contentions are without merit. Bracken, J. P., Thompson, Sullivan and Altman, JJ., concur.