■ JACK ERLICHMAN, Appellant, v ANTHONY M. VENTURA et al., Respondents, et al., Defendants. [709 NYS2d 907] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Lebowitz, J.), dated January 14, 1999, which denied his motion for summary judgment on the complaint insofar as asserted against the defendants Anthony M. Ventura and Venstruct, Inc., and granted the cross motion of those defendants to dismiss the complaint insofar as asserted against them as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action eight years after the defendant Anthony M. Ventura defaulted on his mortgage payments and, accordingly, beyond the expiration of the applicable six-year Statute of Limitations. There is no evidence that the Ventura's promises to pay were intended to lull the plaintiff into inactivity until after the expiration of the Statute of Limitations, giving rise to an estoppel (*see, Bennett v Metro-North Commuter R. R.*, 231 AD2d 662; *Kiernan v Long Is. R. R.*, 209

AD2d 588; *Terry v Long Is. R. R.*, 207 AD2d 881; *DeGori v Long Is. R. R.*, 202 AD2d 549). Further, the listing of the debt on Ventura's bankruptcy petition did not constitute written acknowledgment of the debt with the intent to pay so as to remove any Statute of Limitations bar to recovery (*see, Filigree Films, Inc., Pension Plan v CBC Realty Corp.*, 229 AD2d 862; *see also, Estate of Vengroski v Garden Inn*, 114 AD2d 927).

The plaintiff's remaining contention is unpreserved for appellate review and, in any event, without merit. Thompson, J. P., Krausman, Florio and Schmidt, JJ., concur.