■ JACK ERLICHMAN et al., Appellants, v ANTHONY M. VENTURA, Respondent, et al., Defendants. [706 NYS2d 907] —In an action to foreclose a mortgage, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Minardo, J.), dated March 9, 1999, which denied their motion for summary judgment on the complaint insofar as asserted against the defendant Anthony M. Ventura, and granted the cross motion of the defendant Anthony M. Ventura to dismiss the complaint insofar as asserted against him as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action eleven years after the respondent defaulted on his mortgage payments and, accordingly, beyond the expiration of the applicable six-year Statute of Limitations. There is no evidence that the respondent's promises to pay were intended to lull the plaintiffs into inactivity until after the expiration of the Statute of Limitations, giving rise to an estoppel (*see, Bennett v Metro-North Commuter R. R.,* 231 AD2d 662; *Kiernan v Long Is. R. R.,* 209 AD2d 588; *Terry v Long Is. R. R.,* 207 AD2d 881; *DeGori v Long Is. R. R.,* 202 AD2d 549). Further, the listing of the debt on Ventura's bankruptcy petition did not constitute written acknowledgment of the debt with the intent to pay so as to remove the Statute of Limitations as a bar to recovery (*see, Filigree Films, Inc., Pension Plan v CBC Realty Corp.,* 229 AD2d 862; *see also, Estate of Vengroski v Garden Inn,* 114 AD2d 927). Thompson, J. P., Krausman, Florio and Schmidt, JJ., concur.