■ PAMELA PHILLIPS, Appellant, v EDWARD J. DWECK, Respondent. [750 NYS2d 910] —Crew III, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered October 16, 2001 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this dental malpractice action in March 2001 seeking to recover for injuries purportedly sustained as the result of defendant's allegedly negligent care and treatment of her in May and June 1998. Defendant answered and, shortly thereafter, moved for summary judgment dismissing the complaint contending that the action was barred by the $2^1/_2$-year statute of limitations set forth in CPLR 214-a. Supreme Court granted defendant's motion, and this appeal by plaintiff ensued.

We affirm. The proof submitted in support of defendant's motion for summary judgment established that defendant last treated plaintiff in June 1998 and that plaintiff failed to commence this action until March 2001, approximately three months beyond the applicable statute of limitations. Hence, defendant met his initial burden of demonstrating that this action is time-barred. In opposition to defendant's motion, plaintiff argued that defendant's malpractice carrier unreasonably delayed the investigation of her claim and, in so doing, waived the right to assert the statute of limitations as an affirmative defense. The case law, however, makes clear that delay by an insurance carrier in completing its investigation of the claim asserted does not excuse a plaintiff from timely commencing the underlying action (*see Brown v Royal Ins. Co. of Am.*, 210 AD2d 279), nor does such investigative delay effect a waiver or estoppel of the statute of limitations defense (*see Grumman Corp. v Travelers Indem. Co.*, 288 AD2d 344, 345; *D.J. Rossetti, Inc. v Joseph Francese, Inc.*, 273 AD2d 781, 783).

Nor do we find merit to plaintiff's alternative argument, namely, that defendant's carrier intentionally misled plaintiff as to the status of its investigation and, as such, defendant is now equitably estopped from raising the statute of limitations defense. In order to prevail in this regard, plaintiff needed to demonstrate that she failed to commence this action in a timely fashion due to a fraud, deception or misrepresentation perpetrated by defendant (*see Kiernan v Long Is. R.R.*, 209 AD2d 588, 589, *appeal dismissed, lv denied* 85 NY2d 934;

*Cranesville Block Co. v Niagara Mohawk Power Corp.*, 175 AD2d 444, 445). This she failed to do. While defendant's investigator indeed failed to respond to inquiries posed by plaintiff's counsel regarding the status of the investigation, there is absolutely nothing in the record to suggest that defendant misrepresented the status of the investigation or otherwise lulled plaintiff into inaction. Plaintiff's remaining arguments, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.