■ DASTECH INTERNATIONAL, INC., Respondent, v F.T.L. INTERNATIONAL, INC., et al., Appellants. [768 NYS2d 635]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated April 22, 2002, which denied their motion, inter alia, for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were for summary judgment dismissing the causes of action alleging breach of contract for the sale of goods, breach of warranty, unjust enrichment, and conversion as time-barred, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with costs to the defendants.

The defendants correctly contend that the plaintiff's causes of action to recover damages for breach of contract for the sale of goods, breach of warranty, unjust enrichment, and conversion are barred by the applicable statutes of limitations (see Uniform Commercial Code § 2-725 [1], [2]; CPLR 214 [3]). In response, the plaintiff failed to set forth sufficient evidence to raise a triable issue of fact as to whether the defendants' alleged misrepresentations as to the entity responsible for payment, and their alleged promises to pay, were the cause of the plaintiff's failure to interpose the foregoing causes of action in a timely manner (see Simcuski v Saeli, 44 NY2d 442 [1978]; Erlichman v Ventura, 271 AD2d 482 [2000]; Kiernan v Long Is. R.R., 209 AD2d 588 [1994]; Gleason v Spota, 194 AD2d 764 [1993]).

However, the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law with respect to the fraud cause of action (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Eagle Comtronics v Pico Prods., 256 AD2d 1202 [1998]). Accordingly, the Supreme Court correctly denied that branch of the defendants' motion which was for summary judgment dismissing the fraud cause of action. Prudenti, P.J., S. Miller, H. Miller and Adams, JJ., concur.[See 2002 NY Slip Op 40308(U).]