■ Louis Pate, Appellant, v John Pate et al., Respondents. [791 NYS2d 849]—

In an action, inter alia, for the imposition of a constructive trust, the plaintiff appeals from an order of the Supreme Court, Richmond County (Vitaliano, J.), dated June 30, 2004, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that it was time-barred.

Ordered that the order is affirmed, with costs.

The plaintiff's cause of action to impose a constructive trust is governed by the six-year statute of limitations of CPLR 213 (1), which started to run from the date the defendants allegedly repudiated the agreement to transfer the subject property (*see Krauss v Iliescu*, 259 AD2d 468 [1999]; *Sitkowski v Petzing*, 175 AD2d 801 [1991]).

In considering a motion to dismiss a complaint as time-barred, a court may estop the defendants from asserting the statute of limitations defense where the defendants have, by their wrongful conduct, induced the plaintiff to postpone commencing a timely action to assert his or her rights (*see Serrone v Jamaica Hosp.*, 239 AD2d 485 [1997]). As the plaintiff is asserting an exception to the statute of limitations, he had the burden of establishing the applicability of the estoppel doctrine (*see Simcuski v Saeli*, 44 NY2d 442, 450 [1978]; *Serrone v Jamaica Hosp., supra; Park Assoc. v Crescent Park Assoc.*, 159 AD2d 460, 461 [1990]). We agree with the Supreme Court that the plaintiff did not meet his burden since he failed to submit evidentiary proof in admissible form sufficient to toll the statute of limitations (*see Hersh v Busman*, 80 AD2d 843 [1981]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.