■  RACHELLE SPIRIG, Respondent, v EDWARD EVANS JR., et al., Defendants, and GREGORY L. GIORGIO et al., Appellants. [809 NYS2d 212]—

In an action to recover damages for personal injuries, the defendants Gregory L. Giorgio and Elisa Gail Giorgio appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated January 28, 2005, as denied that branch of their motion which was to dismiss the complaint insofar as asserted against them as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the complaint insofar as asserted against the appellants as time-barred is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

In support of their motion, inter alia, to dismiss the complaint insofar as asserted against them as time-barred, the appellants submitted uncontroverted evidence demonstrating that this action to recover damages for personal injuries was commenced one day after the expiration of the relevant statute of limitations (see CPLR 214). The plaintiff opposed the motion, contending that the appellants should be equitably estopped from raising the statute of limitations as a defense. However, the plaintiff's conclusory assertion that timely commencement of the action was delayed by the investigation conducted by the appellants' insurance carrier was insufficient to warrant the

imposition of equitable estoppel (*see Minichello v Northern Assur. Co. of Am.*, 304 AD2d 731 [2003]; *Phillips v Dweck*, 300 AD2d 969 [2002]; *Bennett v Metro-North Commuter R.R.*, 231 AD2d 662 [1996]). Similarly, the plaintiff's unsubstantiated claim of ongoing settlement negotiations with the carrier, even if true, does not give rise to an estoppel (*see Dailey v Mazel Stores*, 309 AD2d 661 [2003]; *Brauner v Metro-North Commuter R.R. Co.*, 227 AD2d 306 [1996]; *see also Dastech Intl. v F.T.L. Intl.*, 2 AD3d 667 [2003]). Accordingly, since there is no evidence in the record of any conduct on the part of the insurance carrier that induced or misled the plaintiff into commencing the action in an untimely fashion, the Supreme Court erred in denying that branch of the appellants' motion which was to dismiss the complaint insofar as asserted against them as time-barred (*see e.g. Dowdell v Greene County*, 14 AD3d 750 [2005]; *Kiernan v Long Is. R.R.*, 209 AD2d 588 [1994]; *Gallo v County of Westchester*, 162 AD2d 584 [1990]). Schmidt, J.P., Mastro, Spolzino and Covello, JJ., concur.