■ RITA STARK, Appellant, v CITY OF NEW YORK, Respondent. [818 NYS2d 281]—

In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated January 21, 2005, which granted the defendant's motion for summary judgment dismissing the first cause of action to the extent it sought rent due prior to July 6, 1996, and dismissing the second cause of action to recover damages for unjust enrichment, and denied her cross motion for summary judgment on the issue of liability on the second cause of action.

Ordered that the order is affirmed, with costs.

The defendant sustained its initial burden of demonstrating its entitlement to summary judgment by presenting evidence that the first cause of action to the extent that it accrued more than six years before this action was commenced was time-barred (*see 833 N. Corp. v Tashlik & Assoc.*, 248 AD2d 664, 665 [1998]; *Parker v Town of Clarkstown*, 217 AD2d 607 [1995]; CPLR 213 [2]). In opposition, the plaintiff's submissions were insufficient to raise a triable issue of fact as to whether the defendant was estopped from asserting the statute of limitations. Settlement negotiations, allusions to future negotiations, or oral promises such as those allegedly relied upon by the plaintiff, are insufficient to estop a party from asserting the statute of limitations (*see Spirig v Evans*, 26 AD3d 425 [2006]; *Dastech Intl. v F.T.L. Intl.*, 2 AD3d 667, 668 [2003]; *Dailey v Mazel Stores*, 309 AD2d 661, 663-664 [2003]; *Bennett v Metro-North Commuter R.R.*, 231 AD2d 662 [1996]).

Furthermore, "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]). Accordingly, the Supreme Court properly dismissed the plaintiff's second cause of action sounding in unjust enrichment.

The plaintiff's remaining contention is without merit. Miller, J.P., Adams, Goldstein and Covello, JJ., concur.