10-257-cv
Grosz v. Museum of Modern Art, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand and ten.

PRESENT:

JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
        *Circuit Judges,*
EDWARD R. KORMAN,[*]
        *District Judge.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x          No. 10-257

MARTIN GROSZ AND LILIAN GROSZ,

        *Plaintiffs-Appellants,*

v.

THE MUSEUM OF MODERN ART, HERMANN-NEISSE WITH COGNAC, PAINTING BY GROSZ, SELF-PORTRAIT WITH MODEL, PAINTING BY GROSZ, REPUBLICAN AUTOMATONS, PAINTING BY GROSZ,

        *Defendants-Appellees,*

AMERICAN JEWISH CONGRESS, COMMISSION FOR ART RECOVERY, FILIPPA MARULLO ANZALONE, YEHUDA BAUER, MICHAEL J. BAZYLER, BERNARD DOV BELIAK, MICHAEL BERENBAUM, DONALD

---

[*] The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1

S. BURRIS, JUDY CHICAGO AND DONALD WOODMAN, TALBERT D'ALEMBERTE, MARION F. DESMUKH, HEDY EPSTEIN, HECTOR FELICIANO, IRVING GREENBERG, GRACE COHEN GROSSMAN, MARCIA SACHS LITTEL, HUBERT G. LOCKE, CARRIE MENKEL-MEADOW, ARTHUR R. MILLER, CAROL RITTNER, JOHN K. ROTH, LUCILLE A. ROUSSIN, WILLIAM L. SHULMAN, STEPHEN D. SMITH, FRITZ WEINSCHENK,

*Amici Curiae.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | DAVID ROWLAND (Patricia Hertling, *on the brief)*, Rowland & Petroff, New York, NY; Raymond Dowd, Dunnington Bartholow & Miller LLP, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | CHARLES S. SIMS (Margaret A. Dale, Jennifer L. Jones, *on the brief*), Proskauer Rose LLP, New York, NY. |
| **FOR AMICI CURIAE:** | Edward McGlynn Gaffney, Jr., Valparaiso University School of Law, Valparaiso, IN; Jennifer Kreder, Law Office of Jennifer Kreder, Florence, KY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs Martin and Lilian Grosz ("plaintiffs" or "Grosz heirs") are the legal heirs to the estate of the late painter George Grosz ("Grosz"). Three of Grosz's works of art, *Hermann-Neisse with Cognac*, *Self-Portrait with Model*, and *Republican Automatons* are currently in the possession of the Museum of Modern Art in New York ("MoMA"). Plaintiffs filed suit against MoMA on April 10, 2009 in the Southern District of New York, alleging claims for, among other things, conversion, replevin, declaratory judgment, and constructive trust with respect to the works of art. On June 4, 2009, defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint as time-barred. In its Decision and Order Granting Defendant's Motion to Dismiss the Complaint, *Grosz v. Museum of Modern Art, et al.*, No. 09-CIV-3706, 2010 WL 88003 (S.D.N.Y. Jan. 6, 2010), the District Court granted MoMA's motion. The District Court dismissed the case as barred by the three-year statute of limitations for conversion and replevin under New York law, N.Y. C.P.L.R. § 214(3). Plaintiffs appeal the judgment of the District Court, claiming that the three-year statute of limitations had not passed at the point at which suit was brought or, in the alternative, that the statute of limitations in this case should have been subject to equitable tolling. We assume the parties' familiarity with the facts and procedural history of this action.

2

# I.

We review the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) *de novo*, construing the complaint liberally and accepting all factual allegations in the complaint as true. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

Under New York State Law, "[a]n innocent purchaser of stolen goods becomes a wrongdoer only after refusing the owner's demand for their return." *Kunstsammlungen Zu Weimar v. Elicofon*, 678 F.2d 1150, 1161 (2d Cir. 1982). This "demand-and-refusal" rule dates back to 1966, when the New York Supreme Court became the first court in the country to address the statute of limitations issue for innocent purchasers of chattel in art dealings. *See Menzel v. List*, 49 Misc. 2d 300 (N.Y. Sup. Ct. 1966). In *Menzel*, a case involving a good faith purchase of a painting by Marc Chagall, the court held that a cause of action for conversion or replevin accrues "against a person who lawfully comes by a chattel . . . not upon the stealing or the taking, but upon the defendant's refusal to convey the chattel upon demand." *Id.* at 304.

The Grosz heirs do not affirmatively assert that MoMA was a bad faith purchaser. Accordingly, a judgment declaring the plaintiffs' claims as time-barred rests on whether suit was brought within three years of refusal by MoMA. All parties agree that refusal by MoMA has taken place, they only disagree on when. As the District Court explained in its thoughtful and comprehensive opinion, the record indicates that refusal took place, at the latest, in a letter from the Director of MoMA to the Grosz heirs' agent on July 20, 2005, and that the agent of the Grosz heirs' confirmed his understanding that refusal had taken place in at least two subsequent letters to MoMA. Because plaintiffs did not file suit until April 10, 2010, more than three years after refusal took place, the District Court correctly dismissed the action as falling outside the statute of limitations.

# II.

Plaintiffs claim, in the alternative, that MoMA should be equitably estopped from using the statute of limitations as a defense because plaintiffs relied upon continuing negotiations with MoMA in choosing not to file suit. Under New York law, "[t]he doctrine of equitable estoppel applies where it would be unjust to allow a defendant to assert a statute of limitations defense"—specifically, "where plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action," *Zumpano v. Quinn*, 6 N.Y.3d 666, 673-74 (N.Y. 2006) (internal quotation marks and citation omitted). "[T]he plaintiff must demonstrate reasonable reliance on the defendant's misrepresentations." *Id.*

The mere existence of settlement negotiations is insufficient to justify an estoppel claim. *See Cranesville Block Co., Inc. v. Niagara Mohawk Power Corp*, 572 N.Y.S.2d 495, 296-97 (N.Y. App. Div. 3d Dep't 1991). Indeed, where "there was never any settlement agreement[;] continued difficulties in trying to settle the matter[;] no fraud or misrepresentation by defendants[; and] no agreement or promise by defendants upon which plaintiffs relied in failing to commence their lawsuit within the requirement period," equitable estoppel does not apply. *Marvel v. Capital Dist. Transp. Auth.*, 494 N.Y.S.2d 215 (N.Y. App. Div. 3d Dep't 1985).

The record indicates no fraud or misrepresentation on the part of MoMA, nor does it indicate evidence of reasonable reliance by plaintiffs on any alleged misrepresentations by MoMA. We therefore hold that the District Court correctly denied plaintiff's equitable tolling claim.

## <u>CONCLUSION</u>

We have considered all of plaintiffs' claims on appeal and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4