Order, Supreme Court, New York County (Charles E. Ramos, J.), entered September 18, 2013, which denied defendant Ronald Vargo’s motion to dismiss the third and fourth causes of action against him pursuant to CFLR 3211 (a) (5), unanimously reversed, on the law, without costs, and the motion granted.
Flaintiffs’ third and fourth causes of action, alleging fraud and malicious and willful conduct by their architect, defendant Vargo, in connection with his alleged withholding of governmental records and other relevant information vital to their obtaining necessary approvals for the commencement of renovations to their newly purchased residence, were untimely asserted in their second amended complaint, 10 years following their closing on the premises and awareness soon thereafter that the seller had knowledge of orders and violations, against the premises, that were not disclosed (see generally CFLR 214-d [5], [6]; 213 [8]). The new claims could not be deemed to relate back *649 to the original pleadings in September 2003, which alleged only professional malpractice and a duplicative claim for breach of contract (see generally CPLR 203 [f|; Cintron v Lynn, 306 AD2d 118 [1st Dept 2003]). The original pleadings lacked factual allegations to indicate intentionally misleading or malicious conduct on the architect’s part. The architect’s mere scheduling of debts in his Chapter 7 bankruptcy proceeding did not have the effect of reviving the time-barred third and fourth causes of action (see generally Hyde Park Flint Bottle Co. v Miller, 179 App Div 73 [1st Dept 1917]; Erlichman v Ventura, 271 AD2d 481 [2d Dept 2000]).
We note that the motion court properly exercised its discretion when it considered plaintiffs’ late-served opposition papers, as there was no showing of prejudice, and defendant was able to submit reply papers on the motion (see generally Marte v City of New York, 102 AD3d 557 [1st Dept 2013]; Matter of Jordan v City of New York, 38 AD3d 336 [1st Dept 2007]; Prato v Arzt, 79 AD3d 622 [1st Dept 2010]).
We have considered plaintiffs’ remaining contentions and find them unavailing.
Concur—Mazzarelli, J.P., Friedman, Saxe, Manzanet-Daniels and Feinman, JJ.