■ CORTLAND PAVING COMPANY, INC., Respondent-Appellant, v CAPITOL DISTRICT CONTRACTORS, LTD., et al. Defendants, and FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant-Respondent. — Mikoll, J. Cross appeals from an order of the Supreme Court at Special Term (Crew, III, J.), entered July 18, 1984 in Tompkins County, which denied (1) plaintiff's motion to dismiss a defense in defendant Firemen's Insurance Company of Newark, New Jersey's answer and (2) said defendant's cross motion for summary judgment dismissing the complaint as against it.

The issue before us is whether Special Term properly held that an issue of fact required resolution and, consequently, denied both plaintiff's motion to dismiss defendant Firemen's Insurance Company's (Firemen's) Statute of Limitations defense and Firemen's cross motion for summary judgment. We concur with Special Term's decision.

Defendant Capitol District Contractors, Ltd. (Capitol) hired plaintiff on October 26, 1981 to provide material and services with respect to a contract Capitol had with the State. Payments to plaintiff were to be made monthly as Capitol received money from the State. Plaintiff agreed on May 28, 1982 to do some additional work for an added $1,550. All work was completed by plaintiff on June 6, 1982 and, on September 10, 1982, plaintiff requested payment from Capitol in the sum of $18,567, which included $1,550 due under the change order plus $447.50 for other extra work. Partial payment of $5,000 was made by Capitol. The State approved the additional work on November 26, 1982. Plaintiff sued Capitol on December 8, 1982 for the unpaid balance of $13,567 with interest from June 2, 1982. Judgment was entered against Capitol on March 27, 1984 for $13,567 plus costs and disbursements.

Meanwhile, plaintiff commenced the instant lawsuit on December 27, 1983 under the performance bond and a labor and material payment bond it had executed covering the project.

In moving to dismiss plaintiff's cause of action under the labor and material payment bond, Firemen's sought a dismissal pursuant to State Finance Law § 137 (4) (b), which requires that an

action on a payment bond must be commenced within one year from the date on which final payment under plaintiff's subcontract became due. Special Term was correct in finding that the due date of final payment could not be resolved on the submitted uncontested facts. The subcontract between plaintiff and Capitol provided for monthly payments to plaintiff as plaintiff completed its work under the contract. Special Term found that the same mode of payment applied to the change order.

Relying on *Schuler-Haas Elec. Corp. v Aetna Cas. & Sur. Co.* (49 AD2d 60), Special Term held that the payment provision provided for postponement of payment for *a reasonable* time after completion of the work to permit Capitol an opportunity to obtain funds from the State. The bond contained no specific due date for payment after completion of work as was contained in *Schuler-Haas*. Not having before it enough facts to determine the issue of reasonableness, plaintiff's motion to dismiss the Statute of Limitations defense and Firemen's cross motion for summary judgment was appropriately denied.

We find no merit to plaintiff's estoppel argument in seeking dismissal of Firemen's Statute of Limitations defense. Plaintiff failed to sustain its burden of proof that it was induced by Firemen's not to bring its lawsuit in a timely manner (*Atkins & Durbrow v Home Indem. Co.,* 84 AD2d 637, *affd* 55 NY2d 859). Taking plaintiff's version of the events as to representations made by Firemen's, it is obvious that plaintiff slept on its rights and was not misled by Firemen's (*see, Procco v Kennedy,* 88 AD2d 761, 762).

Order affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.