■ In the Matter of FERRAN CONCRETE Co., INC., Respondent, v AVON ELECTRICAL SUPPLIES CORP., Appellant.—In a special proceeding pursuant to Lien Law § 21 (7) to summarily discharge of record a notice of mechanic's lien, Avon Electrical Supplies Corp. (hereinafter Avon) appeals from an order of the Supreme Court, Kings County (I. Aronin, J.), dated April 18, 1986, which vacated the notice of mechanic's lien filed by Avon with the New York City Transit Authority (hereinafter the Transit Authority) on September 4, 1985.

Ordered that the order is affirmed, with costs.

The petitioner entered into a contract with the Transit Authority for the modernization and rehabilitation of a car barn in Coney Island. After the petitioner had begun performance, on April 3, 1985, the Transit Authority terminated the contract for its own convenience, in accordance with the provisions of the contract. On September 4, 1985, Avon, a supplier of a subcontractor of the petitioner, filed a notice of mechanic's lien against moneys due or to become due to the petitioner under the petitioner's contract with the Transit Authority. Avon was aware of the termination of the contract between the petitioner and the Transit Authority, and of the extent of Avon's indebtedness to its vendors on account of said termination, as well as the amount of Avon's own cancellation charge to Ferran's electrical subcontractor, no later than June 13, 1985. The order appealed from summarily vacated the notice of mechanic's lien on the ground that Avon had failed to comply with the requirement of Lien Law § 12 that a notice of lien on account of a public improvement be filed no later than 30 days after the completion and acceptance of the construction or demolition of a public improvement by the State or by a public corporation.

Avon contends that there was no completion and acceptance of the construction or demolition of a public improvement within the meaning of Lien Law § 12, and that Avon's notice of lien therefore was timely filed. However, Lien Law § 2 (4), which defines the term "improvement", contains no requirement that in order for an improvement to be made, further work on the improvement must be unnecessary. When the Transit Authority accepted the work that had been done by the petitioner, and the work ceased, the public improvement constructed by the petitioner was completed within the meaning of Lien Law § 12.

Inasmuch as Lien Law § 21 (7) provides that a lien may be summarily vacated for failure to comply with the requirements for filing a notice of lien that are set forth in Lien Law § 12, the order of the court summarily vacating Avon's lien was proper.

Avon's remaining contentions are without merit. Mangano, J. P., Bracken, Brown and Spatt, JJ., concur.