■ A.J. McNULTY & Co., INC., Appellant, v P. J. CARLIN CONSTRUCTION COMPANY et al., Defendants, and AETNA CASUALTY AND SURETY COMPANY, Respondent. [669 NYS2d 29] —Order, Supreme Court, New York County (Charles Ramos, J.), entered November 15, 1996, which granted defendant Aetna's motion to dismiss the complaint as against it on the ground of a contractual period of limitations, unanimously affirmed, without costs.

The payment bond under which plaintiff claims against defendant Aetna provides that no action may be brought against Aetna more than two years after the complete performance and final settlement of the underlying construction contract. That contract was terminated for convenience by the Metropolitan Transportation Authority (MTA) on May 6, 1988, and final settlement took place on July 29, 1992. Complete performance of the contract was accomplished when the MTA terminated the agreement for its convenience (*see*, *Matter of Ferran Concrete Co. v Avon Elec. Supplies Corp.*, 128 AD2d 527). Accordingly, plaintiff's action against Aetna, commenced on July 9, 1996, was untimely under the contractual period of limitations by termination and final settlement. Aetna's advice to plaintiff, prior to expiration of the limitations period, that it was going to investigate plaintiff's claim under the bond, was insufficient, without more, to show any waiver or estoppel (*Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968). Concur—Rosenberger, J. P., Ellerin, Nardelli and Rubin, JJ.