■ SWING STAGING, INC., Appellant, v HARTFORD FIRE INSURANCE COMPANY, Respondent. [703 NYS2d 99] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered March 12, 1999, which granted defendant's motion for partial summary judgment dismissing the first cause of action, unanimously reversed, on the law, without costs, the motion denied and the first cause of action reinstated.

Plaintiff is the owner of scaffolding equipment which it leased to Cole, defendant's insured, for use on a construction subcontract at the Warbasse housing project in Brooklyn. The State Finance Law requires a bond to assure performance and payment on such public projects. The bond issued herein specifically incorporated the provisions of State Finance Law § 137, subdivision (4) (b) of which prohibits any action on a payment bond that is "commenced after the expiration of one year from the date on which final payment under the claimant's subcon-

tract became due." In a lawsuit commenced in March 1995, plaintiff's first cause of action sought $87,711.36 as the balance on Cole's overdue rental fees and non-return of the equipment to plaintiff. The IAS Court dismissed this cause of action as barred by the Statute of Limitations, citing plaintiff's failure to make any claims for money due since its last invoice in November 1993.

State Finance Law § 137 (3) provides that at least 90 days must expire after the furnishing of materials before the materialman's claim for the balance due ripens, and the one-year Statute of Limitations in subdivision (4) (b) is measured from that point. This is not to say that the period in which to commence an action cannot be expanded by agreement (*Legnetto Constr. v Hartford Fire Ins. Co.*, 92 NY2d 275), thus providing even greater protection to the materialman than the statute affords (*Scaccia Concrete Corp. v Hartford Fire Ins. Co.*, 212 AD2d 225). Additional factors may be considered in determining when the final payment was actually due, such as the date the defaulting subcontractor abandoned the work site (*United States v Fidelity & Deposit Co.*, 475 F Supp 672, 674 [ED NY]), or the date of the subcontractor's default in returning the equipment (*Bradford & Co. v Chastain Constr.*, 387 F2d 942 [5th Cir]). The import of these decisions is that the date of the last invoice is not necessarily controlling. These Federal cases are of precedential value because they construe the similarly worded Miller Act (40 USC § 270a *et seq.*), on which State Finance Law § 137 was modeled (*Russo Trucking & Excavating v Pennsylvania Resource Sys.*, 169 AD2d 239, 243).

The commencement date of the period of limitations is often a question of fact in such cases (*see, e.g., Cortland Paving Co. v Capitol Dist. Contrs.*, 111 AD2d 955). But these additional factors cannot be determined without reviewing the contract. Unfortunately, the lease was not offered in evidence on the summary judgment motion. The record is thus incomplete as to when the debt became due, and does not support a summary dismissal for untimeliness (*Horwitz v American Druggists' Ins. Co.*, 112 AD2d 192). Concur—Ellerin, J. P., Wallach, Lerner, Andrias and Saxe, JJ.