■ D.J. ROSSETTI, INC., Formerly Known as D.J. ROSSETTI MASONRY, INC., Respondent, v JOSEPH FRANCESE, INC., et al., Defendants, and SEABOARD SURETY COMPANY, Appellant. [710

NYS2d 166] —Spain, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered August 27, 1999 in Rensselaer County, which, *inter alia*, denied defendant Seaboard Surety Company's motion for summary judgment dismissing the complaint against it.

Plaintiff commenced this breach of contract action to recover the balance allegedly due for its work pursuant to a subcontract for the installation of precast structural concrete and the performance of masonry work in the construction of a new elementary school for defendant Enlarged City School District of Troy (hereinafter the District) in Rensselaer County. The complaint includes a cause of action against defendant Seaboard Surety Company (hereinafter defendant) on the payment bond it issued to the District on behalf of the general contractor. Following joinder of issue, the District moved for summary judgment dismissing the complaint and all cross claims against it and defendant moved for summary judgment dismissing the complaint against it. Supreme Court granted the District's motion and denied defendant's motion. Defendant appeals from the denial of its motion.

The payment bond contains a limitations provision which includes a requirement that an action on the bond be commenced within one year of the notice of claim required by the bond. Plaintiff gave the required notice of claim in August 1996 and commenced this action in April 1998. The bond also contains a provision which requires that, within 45 days of receipt of a notice of claim, defendant shall send an answer stating the amounts that are undisputed and the basis for challenging any amounts that are disputed. Defendant promptly answered plaintiff's notice of claim with a letter stating that the claim had been referred to the general contractor for confirmation and that "[u]pon receipt of advice[ ] from our contractor, we shall notify you of our position in this matter." The letter concluded by noting that defendant reserved whatever rights and defenses were available under the bond. There was no further communication between plaintiff and defendant prior to the commencement of this action.

Conceding that it failed to commence this action within one year of the notice of claim, plaintiff opposed defendant's motion for summary judgment by claiming that it would be inequitable to enforce the contractual limitations period. In support of its argument, plaintiff relied on case law which holds that an insurer's failure to comply with a statutory notice of disclaimer requirement precludes the insurer from disclaiming regardless of whether the insured's notice of claim was timely (*see, e.g.,*

*State Farm Mut. Auto. Ins. Co. v Clift*, 249 AD2d 800, 801). Assuming that defendant's failure to reject the claim within the 45-day period specified in the bond precluded it from rejecting the claim, the question of whether it would be inequitable to enforce the contractual limitations period for the commencement of an action on the bond is a separate and distinct issue. Significantly, the contractual limitations period runs from the date of the notice of claim and not from the date of the rejection of the claim.

"Evidence of communications or settlement negotiations between an insured and its insurer either before or after expiration of a limitations period contained in a policy is not, without more, sufficient to prove a waiver or estoppel" (*Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968). Thus, defendant's advice to plaintiff that it would consult with the general contractor before resolving plaintiff's claim is, in and of itself, insufficient to preclude defendant from pleading the limitations defense (*see, McNulty & Co. v Carlin Constr. Co.*, 247 AD2d 254, *lv denied* 92 NY2d 801); nor does defendant's delay in accepting or rejecting plaintiff's claim result in a waiver or estoppel with regard to the limitations defense (*see, Carat Diamond Corp. v Underwriters at Lloyd's, London*, 123 AD2d 544, 546). There is no evidence that defendant committed any act of fraud, deception or misrepresentation or made a request or promise upon which plaintiff relied (*see, Cranesville Block Co. v Niagara Mohawk Power Corp.*, 175 AD2d 444, 445).

Accordingly, we conclude that plaintiff failed to meet its burden to demonstrate that it was induced by defendant not to bring its lawsuit in a timely manner (*see, Cortland Paving Co. v Capitol Dist. Contrs.*, 111 AD2d 955), particularly in view of the nearly 20-month delay between plaintiff's last communication with defendant and the commencement of this action (*see, Atkins & Durbrow v Home Indem. Co.*, 84 AD2d 637, *affd* 55 NY2d 859). Defendant was, therefore, entitled to summary judgment dismissing the complaint. Having so concluded, we need not reach any of the other issues raised by defendant on appeal.

Mercure, J. P., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Seaboard Surety Company, by reversing so much thereof as denied the motion of defendant Seaboard Surety Company for summary judgment; motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.