■ Munoz Trucking Corp., Appellant, v Darcon Construction, Inc., et al., Defendants. Pavarini McGovern, LLC, Nonparty Respondent. [61 NYS3d 238]—

In an action, inter alia, to foreclose a public improvement mechanic's lien, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated November 13, 2015, which denied its motion for leave to serve a supplemental summons and amended complaint adding Pavarini McGovern, LLC, as a party defendant, and granted the cross motion of Pavarini McGovern, LLC, to discharge a public improvement mechanic's lien filed on or about February 6, 2015, and (2), as limited by its brief, from so much of an order of the same court dated June 19, 2016, as denied those branches of its motion which were for leave to renew its prior motion and to renew its opposition to the cross motion.

Ordered that the order dated November 13, 2015, is reversed, on the law and in the exercise of discretion, the plaintiff's motion for leave to serve a supplemental summons and amended complaint adding Pavarini McGovern, LLC, as a party defendant is granted, and the cross motion of Pavarini McGovern, LLC, to discharge the public improvement mechanic's lien filed on or about February 6, 2015, is denied; and it is further,

Ordered that the appeal from the order dated June 19, 2016, is dismissed as academic in light of our determination on the appeal from the order dated November 13, 2015; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by Pavarini McGovern, LLC.

In June 2010, the defendant New York City School Construction Authority (hereinafter the SCA) awarded Pavarini McGovern, LLC (hereinafter Pavarini), a contract whereby Pavarini would serve as the general contractor on a school construction project. Pavarini entered into a subcontract with the defendant Darcon Construction, Inc. (hereinafter Darcon), and Darcon, in turn, entered into a subcontract with the plaintiff.

On or about May 6, 2011, the plaintiff filed a notice of a public improvement mechanic's lien (hereinafter the 2011 lien) with respect to its work on the project. The lien incorrectly

listed the general contractor as Darcon. In December 2011, the plaintiff commenced this action, inter alia, to foreclose the 2011 lien. In January 2015, the SCA informed the plaintiff that the 2011 lien had been improperly docketed against the wrong contract, and that it should have been docketed against the contract that the SCA had awarded to Pavarini. On or about February 6, 2015, the plaintiff filed a new notice of a public improvement mechanic's lien (hereinafter the 2015 lien) regarding the same work, this time listing Pavarini as the general contractor.

In May 2015, the plaintiff moved for leave to serve a supplemental summons and amended complaint adding Pavarini as a defendant. The proposed amended complaint sought to foreclose the 2015 lien, as opposed to the 2011 lien. Pavarini cross-moved to discharge the 2015 lien on the ground that it was untimely filed. The Supreme Court denied the plaintiff's motion and granted Pavarini's cross motion. We reverse.

"As a general rule, leave to amend a pleading pursuant to CPLR 3025 (b) should be freely granted in the absence of prejudice or surprise resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Sabatino v 425 Oser Ave., LLC*, 87 AD3d 1127, 1129 [2011]; *see Sinistaj v Maier*, 82 AD3d 868, 869 [2011]; *WMC Mtge. Corp. v Vandermulen*, 63 AD3d 1050 [2009]). Here, there was no surprise or prejudice to Pavarini resulting from any delay by the plaintiff in seeking leave, and the proposed amendment was neither palpably insufficient nor patently devoid of merit. Accordingly, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion for leave to serve a supplemental summons and amended complaint adding Pavarini as a defendant.

In addition, the Supreme Court erred in granting Pavarini's cross motion to discharge the 2015 lien. A public improvement mechanic's lien may be filed "[a]t any time before the construction or demolition of a public improvement is completed and accepted by the . . . public corporation, and within thirty days after such completion and acceptance" (Lien Law § 12). "Such authority would seem to include the right to file a second lien within the time so provided, at least to cure an irregularity in a lien first filed, or to reassert a lien when the prior one has been lost by delay in its enforcement" (*Berger Mfg. Co. v City of New York*, 206 NY 24, 33 [1912]). " 'The significant date in section 12 of the Lien Law is the completion and acceptance by the public corporation. The requirement is in the conjunctive

and both branches must be met . . . before the time starts running' " (*Matter of N. W. Developers v Jeremiah Burns, Inc.*, 55 AD2d 580, 581 [1976], quoting *Biondo v City of Rochester*, 18 AD2d 78, 84 [1963]). "Both these requirements, completion and acceptance, are usually questions of fact" (*Milliken Bros. v City of New York*, 201 NY 65, 71 [1911]). Here, because Pavarini failed to submit any evidence on its cross motion as to when the public improvement was completed and accepted by the SCA, it failed to demonstrate that the 2015 lien was untimely filed (*see Rivera v Department of Hous. Preserv. & Dev. of the City of N.Y.*, 29 NY3d 45, 53 [2017]; *Icdia Corp. v Visaggi*, 135 AD3d 820, 821 [2016]).

The plaintiff's remaining contention regarding the denial of those branches of its motion which were for leave to renew has been rendered academic in light of our determination. Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.