County Wide Flooring, Corp. v Town of Huntington (2019 NY Slip Op 04354)





County Wide Flooring, Corp. v Town of Huntington


2019 NY Slip Op 04354


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-10722
 (Index No. 607856/16)

[*1]County Wide Flooring, Corp., respondent, 
v
Town of Huntington, defendant, Wenger Construction Co., Inc., appellant.


Joseph J. Cooke, PLLC, Woodbury, NY, for appellant.
Killoran Law, P.C., Westhampton Beach, NY (Christian D. Killoran of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mechanic's lien, the defendant Wenger Construction Co., Inc., appeals from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated July 26, 2017. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Wenger Construction Co., Inc., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it is granted.
The defendant Town of Huntington entered into a contract with the defendant Wenger Construction Co., Inc. (hereinafter Wenger), for the construction of a new ice rink and the renovation of an existing ice rink. Wenger then entered into a subcontract with the plaintiff wherein the plaintiff agreed to provide certain materials and to install flooring for the project. After the new ice rink was built, disputes arose between Wenger and the Town regarding the renovations to the existing ice rink, and on May 2, 2012, the Town terminated its contract with Wenger.
A few months earlier, on December 30, 2011, the plaintiff had filed and served a notice of mechanic's lien against the project, alleging that the plaintiff was owed monies for work performed and materials furnished (hereinafter the 2011 mechanic's lien). On March 7, 2014, the plaintiff commenced an action alleging, inter alia, that the Town and Wenger were obligated to pay the plaintiff the sum of $147,930.87 (hereinafter the 2014 action). In an attorney's affirmation filed with the complaint in that action, the plaintiff's attorney stated that the plaintiff was "asserting claims of breach of contract and unjust enrichment." Wenger moved to dismiss the complaint insofar as asserted against it. The Supreme Court granted the motion, determining that the action was time-barred by a contractual limitations clause in the subcontract as well as the statute of limitations for foreclosing a mechanic's lien.
On November 18, 2015, the plaintiff filed and served a new notice of mechanic's lien against the project (hereinafter the 2015 mechanic's lien). The notice contained the same allegations as the 2011 mechanic's lien. On May 17, 2016, the plaintiff commenced this action to foreclose the [*2]2015 mechanic's lien. The complaint alleged that the plaintiff completed all of its contractual obligations and was entitled to payment in accordance with the terms of the subcontract. Wenger moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, arguing, inter alia, that res judicata barred the action and the 2015 mechanic's lien was not timely filed. The Supreme Court denied the motion, concluding that the action was not barred by res judicata because it was based on the 2015 mechanic's lien, not the 2011 mechanic's lien, and that the 2015 mechanic's lien was not untimely filed. Wenger appeals.
Pursuant to CPLR 3211(a)(5), a party may move to dismiss a cause of action based on the doctrine of res judicata (see Williams v City of Yonkers, 160 AD3d 1017, 1018; Rudovic v Rudovic, 131 AD3d 1225, 1227). "Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347). " [O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy'" (id. at 347, quoting O'Brien v City of Syracuse, 54 NY2d 353, 357; see Matter of Hunter, 4 NY3d 260, 269). Accordingly, "a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Sciangula v Montegut, 165 AD3d 1188, 1190 [internal quotation marks omitted]; see Matter of Hunter, 4 NY3d at 269; Chapman Steamer Collective, LLC v KeyBank N.A., 163 AD3d 760, 761).
While a subcontractor may have the right to file a second mechanic's lien within the statutory time period, at least to cure an irregularity in a lien first filed, or to reassert a lien when the prior one has been lost by delay in its enforcement (see Munoz Trucking Corp. v Darcon Constr., Inc., 153 AD3d 838, 839, citing Berger Mfg. Co. v City of New York, 206 NY 24, 33; see also EFCO Corp. v U.W. Marx, Inc., 124 F3d 394, 399 [2d Cir]), a second mechanic's lien is not immune from the doctrine of res judicata. Although the plaintiff framed its causes of action in the 2014 action as breach of contract and unjust enrichment causes of action, and its cause of action in this action as one to foreclose a mechanic's lien, these are merely different theories for the plaintiff's cause of action to recover monies allegedly owed to it under the subcontract. As such, the plaintiff's cause of action against Wenger in this action is barred by the doctrine of res judicata (see QFI, Inc. v Shirley, 60 AD3d 656, 656-657; CRK Contr. of Suffolk v Brown & Assoc., 260 AD2d 530, 530). Contrary to the plaintiff's contention, the order granting Wenger's motion to dismiss the complaint in the 2014 action insofar as asserted against it was a determination on the merits for res judicata purposes (see Smith v Russell Sage Coll., 54 NY2d 185, 194; Williams v City of Yonkers, 160 AD3d at 1018; Webb v Greater N.Y. Auto. Dealers Assn., Inc., 144 AD3d 1134, 1135).
In addition, Wenger was entitled to dismissal of the complaint in this action insofar as asserted against it because the 2015 mechanic's lien was untimely filed (see Lien Law § 12; Matter of Ferran Concrete Co. v Avon Elec. Supplies Corp., 128 AD2d 527, 528).
Accordingly, the Supreme Court should have granted Wenger's motion to dismiss the complaint insofar as asserted against it.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court