Matter of Red Hook 160, LLC v 2M Mech., LLC (2022 NY Slip Op 01794)





Matter of Red Hook 160, LLC v 2M Mech., LLC


2022 NY Slip Op 01794


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-05797
 (Index No. 501742/19)

[*1]In the Matter of Red Hook 160, LLC, respondent,
v
2M Mechanical, LLC, appellant.


Azam & Hertz, LLP (Khalid Azam and Cox Padmore Skolnik & Shakarchy LLP, New York, NY [Stefan B. Kalina and Steven D. Skolnik], of counsel), for appellant.
Smith, Gambrell & Russell, LLP, New York, NY (Michael R. Glanzman and Daniel Q. Horner of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Lien Law § 38 to compel 2M Mechanical, LLC, to provide an itemized statement relating to a mechanic's lien, 2M Mechanical, LLC, appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated April 17, 2019. The order, insofar as appealed from, granted that branch of the petitioner's motion which was to cancel a mechanic's lien.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the petitioner's motion which was to cancel a mechanic's lien is denied.
On or about December 30, 2018, the appellant, 2M Mechanical, LLC (hereinafter 2M), filed a notice of mechanic's lien against real property owned by the petitioner, Red Hook 160, LLC (hereinafter Red Hook). Red Hook served a demand for an itemized statement pursuant to Lien Law § 38, and thereafter commenced this proceeding to compel 2M to provide an itemized statement that complied with the requirements of the Lien Law. Although 2M subsequently produced an itemized statement, the Supreme Court determined that the statement did not meet the statutory requirements, and consequently cancelled the lien (see id.).
On or about March 19, 2019, 2M filed a second notice of mechanic's lien pertaining to the same claim, which included additional itemization. Red Hook moved, inter alia, to cancel the second mechanic's lien, on the basis that the filing of a second mechanic's lien after cancellation of the first lien under Lien Law § 38 was impermissible. By order dated April 17, 2019, the Supreme Court granted that branch of Red Hook's motion. 2M appeals.
Lien Law § 38 requires a lienor, upon demand, to provide a statement in writing setting forth, among other things, "the items of labor and/or material and the value thereof which make up the amount for which he [or she] claims a lien." The statute further authorizes the commencement of a special proceeding upon a lienor's failure to comply, and ultimately permits a court to cancel a lien if the lienor does not sufficiently comply with a court order requiring [*2]itemization (see id.). The statute, however, does not prohibit a lienor from filing a new lien on the same claim following such cancellation (see id.; cf. Lien Law § 39), and the courts have generally recognized that the timely filing of a successive lien on the same claim is permissible to cure an irregularity (see Berger Mfg. Co. v City of New York, 206 NY 24, 32; Munoz Trucking Corp. v Darcon Constr., Inc., 153 AD3d 838, 839; Madison Lexington Venture v Crimmins Contr. Co., 159 AD2d 256, 257). Therefore, since 2M's second mechanic's lien was filed within the time provided by statute (see Lien Law § 10), the Supreme Court erred in granting that branch of Red Hook's motion which was to cancel it (see Berger Mfg. Co. v City of New York, 206 NY at 32; Munoz Trucking Corp. v Darcon Constr., Inc., 153 AD3d at 839; Madison Lexington Venture v Crimmins Contr. Co., 159 AD2d at 257; Matter of Cohen, 209 App Div 413, 414; see also Supreme Plumbing Co., Inc. v Seadco Bldg. Corp., Inc., 224 App Div 844).
The parties' remaining contentions need not be reached in light of our determination.
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court