## Matter of 142 W. 81st St. LLC v Reliant Elec. Contr., Inc.

2024 NY Slip Op 33472(U)

September 30, 2024

Supreme Court, New York County

Docket Number: Index No. 156862/2024

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. NICHOLAS W. MOYNE**                    PART                41M

*Justice*

-------------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF 142 WEST 81ST STREET LLC

INDEX NO.          156862/2024

MOTION DATE       07/29/2024

Petitioner,

MOTION SEQ. NO.       001

- v -

RELIANT ELECTRICAL CONTRACTING, INC.,

**DECISION + ORDER ON MOTION**

Respondent.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6
were read on this motion to/for _____MECHANICS LIEN_____.

Upon the foregoing documents, it is

Petitioner, 142 West 81st Street LLC, commenced this special proceeding seeking an

order, pursuant to New York Lien Law § 38, directing respondent, Reliant Electrical

Contracting, Inc. ("Reliant Electrical"), to provide a verified itemized statement that complies

with the requirements of the Lien Law, by specifically setting forth the items and hours of labor

and/or materials, and the value thereof, which allegedly comprises the amount claimed in the

Mechanic's Lien. Respondent has not opposed the application, and for the reasons set forth

below, the application is granted.

Petitioner is the owner of the real property located at 142 West 81st Street, New York,

New York 10024, Block 1211, Lot 50 ("subject premises") (NYSCEF Doc. No. 2). In or around

March 8, 2018, Reliant Electrical entered into a subcontract under which it was retained to

furnish all labor, materials, equipment, and/or services and items needed to complete electrical

work on a project- the development of a 7-story residential condominium on the subject

premises.

156862/2024   IN THE MATTER OF THE APPLICATION OF 142 WEST 81ST STREET LLC vs.        Page 1 of 4
RELIANT ELECTRICAL CONTRACTING, INC.
Motion No.  001

1 of 4

On October 23, 2023, Reliant Electrical filed a Notice of Mechanic's Lien ( the "Lien") with the Clerk's Office in New York County, against the subject premises and for the amount of $94,056.60 (NYSCEF Doc. No. 3). In response, on January 11, 2024, pursuant to Section 38 of the Lien Law, petitioner served a Demand for Itemized Statement of Lien on Reliant Electrical, requesting a verified itemized statement that sets forth the items and value of labor and/or materials that are the subject of the Lien amount (NYSCEF Doc. No. 4). Reliant Electrical responded to the Demand, providing responses in a verified itemized statement (NYSCEF Doc. No. 5).

However, petitioner asserts that itemized statement provided by Reliant Electric fails to comply with the requirements of New York Lien Law § 38. Section 38 requires that a statement shall set forth the items of labor and/or material and the value thereof which make up the amount for which he claims a lien and set forth the terms of the contract under which such items were furnished. When the nature and cost of the work performed under the contract are in dispute, an itemized statement is necessary to enable the party to check the lienor's claim (*Plain Ave. Stor., LLC v BRT Mgt., LLC*, 165 AD3d 1264, 1265 [2d Dept 2018]). Here, as the Lien amount involves the labor performed and materials furnished for the supplied and installed electrical materials, an itemized statement is required (NYSCEF Doc. No. 3).

Further, Section 38 provides that where a lienor delivers an insufficient statement, the owner may petition the court for an order directing the lienor within a time specified in the order to deliver to the petitioner the statement required by this section. The court, being satisfied that the lienor has failed, neglected or refused to comply with the requirements of this section, shall have an appropriate order directing such compliance (*Id.*).

156862/2024   IN THE MATTER OF THE APPLICATION OF 142 WEST 81ST STREET LLC vs.          Page 2 of 4
RELIANT ELECTRICAL CONTRACTING, INC.
Motion No.  001

2 of 4

[* 2]

Petitioner asserts that respondent's verified itemized statement is insufficient under Section 38, as the responses only provide general descriptions, lump sum costs, and do not otherwise provide the information necessary to allow petitioner to verify the Lien claim. Specifically, petitioner asserts that the provided statement does not contain specific equipment or materials used, along with their associated costs, and/or timesheets with laborer rates, hours, or a detailed description of the work provided. The statement served by the lienor should set forth the description, quantity and costs of various kinds of martials and the details as to the nature of labor, time spent and hourly or other rate of labor charges (*Pineda v AB Painting & Const., Inc.* [NY Sup Ct, New York County 2015]; relying on *819 Sixth Ave. Corp. v T. & A. Assoc., Inc.*, 24 AD2d 446, 446 [1st Dept 1965]).

The first itemized statement and accompanying documents supplied by the respondent are not sufficiently itemized or detailed so as to permit the petitioner to check the claim, and therefore does not meet the requirements of Lien Law § 38 (*125 Broad CHP, LLC v Fine Craftsman Group, LLC*, 2023 NY Slip Op 31549[U], 4 [NY Sup Ct, New York County 2023]; *Matter of DePalo v McNamara*, 139 AD2d 646, 646 [2d Dept 1988]). Accordingly, petitioner is entitled to an itemized statement from respondent which sets forth the Lien claim in specific and/or sufficiently detailed terms and which complies with the requirements of Lien Law § 38. Therefore, the petition may be granted, and the respondent is directed to provide a revised itemized statement in accordance with the terms of this order.

In case the lienor fails to comply with the order so made within the time specified, then upon five days' notice to the lienor, served in the manner provided by law for the personal service of a summons, the court or a justice or judge thereof may make an order cancelling the lien. Therefore, the statute ultimately permits a court to cancel a lien if the lienor does not

**156862/2024   IN THE MATTER OF THE APPLICATION OF 142 WEST 81ST STREET LLC vs.**            Page 3 of 4
**RELIANT ELECTRICAL CONTRACTING, INC.**
**Motion No.  001**

3 of 4

[* 3]

sufficiently comply with a court order requiring itemization (*Red Hook 160, LLC v 2M Mech., LLC*, 203 AD3d 932 [2d Dept 2022]). Considering, in the event that the respondent is unable or unwilling to comply with this decision and order, the petitioner may make the appropriate application, pursuant to Lien Law § 38, to cancel and discharge the Lien.

Accordingly, it is hereby

ORDERED and ADJUGED that the portion of the Verified Petition seeking to compel the respondent lienor, Reliant Electrical Contracting, Inc., to provide the petitioner, 142 West 81st Street LLC, with a new or revised itemized statement in compliance with Lien Law § 38, including sufficient detail as to the labor and materials claimed, is GRANTED; and the respondent shall provide such statement in connection with the Mechanic's Lien filed on October 23, 2023, against the real property located at 142 West 81st Street, New York, New York 10024, Block 1211, Lot 50; and it is further

ORDERED and ADJUGED that respondent is directed to provide the appropriate itemized statement within twenty days of having been served with a copy of this decision and order together with notice of entry; and it is further

ORDERED that all remaining relief sought in the Verified Petition is DENIED without prejudice.

This constitutes the decision and order of the court.

<table>
<tr><td>_____<br>**9/30/2024**<br>**DATE**</td><td colspan="2"></td><td colspan="2">_____<br>**NICHOLAS W. MOYNE, J.S.C.**</td></tr>
<tr><td>CHECK ONE:</td><td>X</td><td>CASE DISPOSED</td><td></td><td>NON-FINAL DISPOSITION</td></tr>
<tr><td></td><td></td><td>GRANTED        □ DENIED</td><td>X</td><td>GRANTED IN PART        □ OTHER</td></tr>
<tr><td>APPLICATION:</td><td></td><td>SETTLE ORDER</td><td></td><td>SUBMIT ORDER</td></tr>
<tr><td>CHECK IF APPROPRIATE:</td><td></td><td>INCLUDES TRANSFER/REASSIGN</td><td></td><td>FIDUCIARY APPOINTMENT        □ REFERENCE</td></tr>
</table>